

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,371-08

**EX PARTE JASON WAYNE MCBRIDE, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. CR2016-008-3 IN THE 207TH DISTRICT COURT
## FROM COMAL COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged by indictment with one count of continuous violence against the family, two counts of assault with family violence, one count of aggravated assault with a deadly weapon, one count of repeated violation of bond conditions, and one count of evading arrest or detention with a previous conviction for that offense. A jury found Applicant guilty of five of the counts, and not guilty of one of the assault with family violence counts. The trial court found an enhancement paragraph to be true and sentenced Applicant to twenty years' imprisonment for the continuous violence against the family count, the assault with

family violence count, and the repeated violation of bond conditions count, forty years' imprisonment for the aggravated assault with a deadly weapon count, and ten years for the evading arrest or detention count, all running concurrently. The First Court of Appeals affirmed his conviction. *McBride v. State*, No. 01-17-00528-CR (Tex. App. — Houston [1st Dist.] May 24, 2018) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance for various reasons. Applicant alleges that trial counsel never met with him before trial, never communicated any plea offers to him, never reviewed discovery with him, did not allow Applicant to testify on his own behalf, did not present any defense or submit any evidence, and failed to object or file a motion for new trial on the basis of double jeopardy. On direct appeal, Applicant alleged that he had been improperly subjected to double jeopardy because acts alleged in the continuous violence against the family count were also alleged as the basis for the assault with family violence and aggravated assault counts. The court of appeals rejected this claim, noting that it had not been preserved by contemporaneous objection and was not apparent from the face of the record. Applicant now alleges that trial counsel was ineffective for failing to object and preserve this issue.

The record indicates that the charge submitted to the jury was different from the allegations in the indictment. During the charge conference, the State indicated that it was abandoning the language in the continuous violence against the family count that alleged the same acts upon which the assault with family violence and aggravated assault counts relied. Trial counsel indicated that he had no objection to these changes. Therefore, the charge as submitted to the jury did not raise double jeopardy issues. However, it is not clear why trial counsel did not object to the changes to

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

the jury charge.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: September 11, 2019
Do not publish